NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN M. SHELDRICK and
THERESA M. SHELDRICK,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

Defendants.

Civ. No. 15-5332

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion of Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (collectively, "Defendants") to Dismiss the Complaint of Kevin M. Sheldrick and Theresa M. Sheldrick (collectively, "Plaintiffs"), proceeding *pro se*. (ECF No. 5.) Plaintiffs oppose. (ECF No. 6.) The Court has decided the motion based on the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons below, the Court will grant Defendants' motion.

BACKGROUND

This action concerns a mortgage foreclosure on Plaintiffs' property located at 100 Dutch Lane Road in Marlboro Township, New Jersey. Plaintiffs' Complaint alleges that in September 2011 they contacted Defendants[1] to refinance their existing home mortgage. After several months of discussions with Defendants, Plaintiffs were informed that that they did not qualify for a modification. Plaintiffs then worked with the Department of the Treasury ("DOT"), the

---

[1] It is unclear from the Complaint, but it seems that at this time Plaintiffs' home mortgage loan was from Superior Mortgage Corp., not Defendants.

1

Department of Housing and Urban Development ("HUD"), and Congressman Holt, all of whom further sought to facilitate a home loan modification between the parties. The efforts were unsuccessful, and Plaintiffs were again told they did not qualify for refinancing. However in 2013 Plaintiffs allegedly were able to obtain some relief by working with Defendants through a website called "helpwithmybank.gov." According to Plaintiffs, after completing the trial payments for that program,[2] they were offered a modification package that they characterize as an option to take out a second mortgage on the house. Plaintiffs declined the offer and subsequently defaulted on their mortgage. Plaintiffs assert that they were never informed that their mortgage had been assigned to Defendants on May 24, 2013.

     Defendants filed a foreclosure action in New Jersey Superior Court on May 29, 2014. Plaintiffs, who were then represented by counsel, filed an Answer that asserted multiple defenses including lack of standing, fraud, and violations of state and federal law. However, the Answer was ultimately withdrawn, and Judge Patricia Del Bueno Cleary referred the case to the Office of Foreclosure after entering a consent order on December 1, 2014 stating that the matter proceeded uncontested. On April 27, 2015, while the foreclosure action was still pending, Plaintiffs filed the present Complaint against Defendants in New Jersey Superior Court. On May 19, 2015 Defendants moved for final judgment and a writ of execution in the foreclosure action. They then removed Plaintiff's lawsuit to federal court on July 8, 2015 under 28 U.S.C. § 1446(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1332. It appears that Plaintiffs are New Jersey citizens while Defendants are citizens of South Dakota, California, and Iowa. Furthermore, Plaintiffs seem to

---

[2] This seems to the Trial Period Plan program ("TPP") that is part of the Home Affordable Modification Program ("HAMP").

assert federal claims relating to the Home Affordable Modification Program ("HAMP"), 12 U.S.C. § 5219 *et seq.* and the Racketeer Influenced and Corrupt Organization Act ("RICO").

Plaintiffs' Complaint contains four counts, alleging deceptive practices relating to their attempted home loan modification, failure to register an assignment of a mortgage, common law fraud, and a RICO violation. Defendants argue that Plaintiffs' claims are barred under the *Younger* doctrine, *Rooker-Feldman* doctrine, and New Jersey's Entire Controversy doctrine. Defendants further assert that Plaintiffs' Complaint fails to satisfy the pleading standards and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

A. Legal Standard

In assessing a motion to dismiss under Rule 12(b)(6) a court must accept all well-pleaded factual allegations in the complaint as true, construe the complaint in the light most favorable to plaintiff, and then determine whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). With respect to this plausibility standard, demonstrations of a "mere possibility of misconduct" are insufficient; instead, the facts pleaded must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210–11 (quoting *Iqbal*, 556 U.S. at 678–79). In making its determination, the court may consider only the Complaint, its attached exhibits, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been asserted by the plaintiff. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

B. Analysis

Defendants assert the following grounds for dismissing Plaintiffs' Complaint: (1) the *Younger* doctrine, (2) the *Rooker-Feldman* doctrine, (3) New Jersey's Entire Controversy doctrine, and (4) Plaintiffs' failure to satisfy the pleading standards.

The *Younger* doctrine directs federal courts to abstain from enjoining certain types of pending state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). However, in 2013, the Supreme Court limited the doctrine's applicability to only three "exceptional" classes of cases: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (internal citations omitted). Because an ongoing state foreclosure action does not fall within those three categories, post-*Sprint* courts have declined to apply *Younger* abstention to state foreclosure proceedings. *See Hernandez v. Fed. Nat'l Mortgage Ass'n*, No. 2:14-7950 WJM, 2015 WL 3386126, at *2 (D.N.J. May 26, 2015) (collecting cases and declining to apply *Younger* abstention in the context of a pending state foreclosure proceeding). Therefore *Younger* abstention is inapplicable here.

The *Rooker-Feldman* doctrine bars federal district courts from reviewing state court judgments. *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). Specifically, the doctrine applies to "state court losers . . . complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment." *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008). Here, no final judgment has been entered in the state foreclosure action. Thus, abstention under the *Rooker-Feldman* doctrine is not warranted. *See, e.g.*, *Patteta v. Wells Fargo bank, NA*, No.

09-2824, 2010 WL 1931256, at *6 (D.N.J. May 13, 2010); *St. Clair v. Wertzberger*, 637 F. Supp. 2d, 251, 253–54 (D.N.J. June 26, 2009).

The New Jersey Entire Controversy doctrine requires parties to litigate in a single action all possible claims arising out of an event or series of events in order to prevent multiple suits. *See Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 265 (3d Cir. 2004). The doctrine only precludes successive suits involving related claims; "[i]t does not require dismissal when multiple actions involving the same or related claims are pending simultaneously." *Kaselaan & D'Angelo Assocs., Inc. v. Soffian*, 290 N.J. Super. 293, 299 (App. Div. 1996). Since there is no judgment in the state foreclosure proceeding and the action is still pending, the Entire Controversy doctrine does not bar Plaintiffs' present action. *See e.g.*, *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997); *BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth.*, No. 06-0588 (NLH), 2006 WL 3591256, at *2 (D.N.J. Dec. 8, 2006). More importantly, the Entire Controversy doctrine is an affirmative defense; it may be considered on a Rule 12(b)(6) motion to dismiss only if it is "apparent on the face of the complaint." *Rycoline Prods.*, 109 F.3d at 886. Here it is not evident from the Complaint. Thus the defense may only be considered after converting Defendants' motion to dismiss to a motion for summary judgment and giving both parties an opportunity to present all relevant material.[3] *Id.* at 886–87; *see also Ricketti v. Barry*, 775 F.3d 611, 615 (3d Cir. 2015). However, since the doctrine is inapplicable in the absence of a state court judgment, the Court has declined to convert the motion into one for summary judgment and will simply decline to dismiss the Complaint on the basis of the Entire Controversy doctrine.

---

[3] Alternatively, the Court could deny Defendants' motion without prejudice and grant leave to file a motion for summary judgment. *Rycoline Prods*., 109 F.3d at 886–87.

Despite the inapplicability of the above doctrines, it appears that the Court must abstain from hearing Plaintiffs' case under the *Colorado River* doctrine. While federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," in "exceptional circumstances" a federal court may abstain and defer to pending state court proceedings for reasons of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813, 817 (1976). The threshold issue for Colorado River abstention is whether the two actions are "parallel," meaning the state and federal proceedings involve the same parties and "substantially identical claims [raising] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). If the proceedings are parallel, then the court must assess six factors to determine whether abstention is appropriate: "(1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Id.* at 308.

Here the state and federal actions are parallel proceedings. Both cases involve the same parties and nearly identical claims and issues. It appears that Plaintiffs' Complaint presently before this Court challenges the validity of Defendants' actions leading up to and including the foreclosure of the property, and Plaintiffs' Answer in the state foreclosure proceeding had asserted defenses of fraud, violations of state and federal law, and Defendants' lack of standing to foreclose on the property. A judgment in favor of Plaintiffs on the claims they are currently pursuing "would be an impermissible direct contradiction of the final judgment of foreclosure, if

it is entered [by the state court]" and would "throw into turmoil the parties' rights and obligations over plaintiff[s]' home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255. Thus Plaintiffs' present action and Defendants' state foreclosure action are parallel under the *Colorado River* doctrine. *See id.*; *Ruffolo v. HSBC Bank USA, N.A.*, No. 14-638 (MAS), 2014 WL 4979699, at *4 (D.N.J. Oct. 3, 2014).

Furthermore, the six factors weigh in favor of abstention. The state court was the first to obtain jurisdiction over the matter and has been overseeing the foreclosure since May 2014. The state has jurisdiction over the *res* at issue in this case, Plaintiffs' home, which is located in New Jersey. The foreclosure action has been ongoing for over a year in the county where Plaintiffs and their property are located. This Court is located further away from the Plaintiffs and the property and would be more inconvenient than litigating in the state court. *See Ruffolo*, 2014 WL 4979699, at *4. In addition, the action "implicate[s] [an] important state interest—foreclosure of a property in New Jersey." *DiPietro v. Landis Title Co.*, No. 11-5110, 2012 WL 2116404, at *4 (D.N.J. June 11, 2012). Granting the relief that Plaintiffs' Complaint requests "would cause havoc with the rulings of the state court" and "would directly impact New Jersey's interest in protecting the authority of its judicial system." *Ruffolo*, 2014 WL 4979699, at *4. Furthermore, Plaintiffs' claims and defenses are primarily, though not exclusively, based on state law, and there is no reason to believe that the state court is an inadequate forum for reviewing any of Plaintiffs' federal claims.[4] The state foreclosure proceeding has not yet reached a final judgment and thus, Plaintiffs' claims may still be vindicated there or through the state appellate

---

[4] It is worth noting that at this point it is not clear that Plaintiffs have viable federal claims. To the extent that Plaintiffs allege a violation of HAMP, HAMP "does not provide a private right of action." *Sinclair v. Citi Mortgage, Inc.*, 519 F. App'x 737, 738 (3d Cir. 2013). Nor have Plaintiffs alleged the elements necessary to assert a RICO claim.

7

process.  *See St. Clair*, 637 F. Supp. 2d at 255; *Ruffolo*, 2014 WL 4979699, at *4.  In light of the above, *Colorado River* doctrine directs the Court to abstain from exercising jurisdiction.  The Court will therefore dismiss Plaintiffs' Complaint without prejudice.  Plaintiffs may refile their claims after the state court action has reached a final resolution, if appropriate.[5]

## CONCLUSION

For the reasons above, the Court will grant Defendants' motion and dismiss Plaintiff's Complaint.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

---

[5] The Court notes that after the conclusion of the state court proceeding, *res judicata* principles may preclude Plaintiffs' claims.  *See Exxon Moil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280, 292 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.")